Grounds relied on in the bill for injunction.

## Brown, Slater &c. vs. Wright.

Error to the Logan Circuit; HENRY P. BROADNAX, Judge.

*Principal and surety. Rescission of Contracts. Novations.*

Judge MILLS delivered the Opinion of the Court.

LILBURN WRIGHT filed his bill, to be relieved against three judgments at law, founded on three notes executed by him as surety for Robert A. Wright, Jesse T. Wright being another co-surety, to George Brown. One of these notes was assigned by Brown to H. Slater, and the other two retained by Brown, and on all, seperate judgments were obtained against Lilburn Wright only. His equity, on which he relies for relief, may be summed up under the following heads to-wit:

That George Brown was one of several proprietors of the town of Cumberland, in Tennessee, as laid off, and the lots in which were sold out by said proprietors; and in the division of the notes of the purchasers among the proprietors, these in question fell to Brown, and each was given for the purchase of lots in said town, made by Robert A. Wright at the public sale of lots; and it was represented at the said sale by the proprietors—

1st, That shortly after the sale, the proprietors would build a bridge across Red river, which would greatly increase the value of lots in the town; and also, that they would build convenient and commodious warehouses in the town; which deluded the bidders, and lots were sold for hundreds of dollars, that were not worth as many cents:

2, That the proprietors had many secret by-bidders for the lots, and the auctioner himself would cry bid after bid, when it was unknown whence the bid came; and in fact the bids were made by the auctioner himself, by secret instructions from the proprietors:

3, That, as the complainant is advised, George Brown, and the remaining proprietors of the town, had not at the time of the sale a good and sufficient title to the land, on which the said town was established.

4, That said proprietors failed to give any writing evidencing the sale of lots at the time of sale, whereby the sale was void by the statute of frauds and perjuries.

He insists that the proprietors failed in performing those things, such as the bridge and warehouses, which they held out as inducements to the purchasing of lots; that the town is abandoned and is a common.

He makes the principal, Robert A. Wright, and his co-surety, as well as Brown and Slater, defendants to this bill, and advertised against his principal as a non-resident, and took the bill as confessed.

Brown and Slater both answered the bill, denying the equity, and contesting the complainant's right to relief.

The court perpetuated the injunction, and gave complete relief against the whole demand.

If we waive the objections against this decree of a perpetual injunction, without setting aside the contract in toto, we cannot perceive on what principle the court below could have given relief to the surety, on the equity set up, without that relief being asked by the principal. The principal, it is true is made a defendant; but it is not even suggested in the bill, that he resists the fulfilment of the contract, or desires relief from it. The grounds relied on, are fraud, delusion, and failure of consideration, for the purpose of setting aside the contract. It must

*Margin notes:*

Brown &c vs. Wright

Parties.

Brown and Slater's answer.

Decree of the circuit court.

Surety of the purchaser cannot, on the bill and prayer of himself only, obtain relief against his obligation on the ground of fraud in the sale, without shewing his principal and

BROWN &c
vs.
WRIGHT

*vendor had
combined to
defraud him.*

rest on the election of the principal, whether he will, or will not avail, himself of these grounds, if they exist. He still has a right to waive this equity and insist on a fulfilment, and his surety has not a right to make that election for him. Indeed, *so far as the bill in this case shows, it is not even the surety forcing the principal into the measure of setting aside the contract, but it is an attempt on the part of the surety to relieve himself by the equity of a suppos-ed fraud on his principal, leaving his principal hereafter to act as he chooses; and not only the princi-pal, hereafter, but the co-surety, has a right each to their bill for relief, or a right to waive the equity. It is, in general, true, that a surety, where the de-fence rests in an equity against the contract, follows the fate of the principal, and is bound when the principal is bound, and released, when the principal is released; and there are cases, where if the con-tract be voidable only in equity, and that at the elec-tion of the principal, the surety cannot make that election for him, and such we conceive this case to be. Whether in such cases, if the principal should refuse to make the defence, by way of a fraud on his surety, and combination with the opposite party, there might not still be relief granted to the surety, we need not now determine. For if there be such, the fraud and collusion, or combination ought to be charged in the bill and made out in evidence; and here there is no attempt to do so. We therefore conceive, that under the circumstances of this case, the complainant cannot avail himself of the equity which he has set up.*

*A novation
between the
principal and
creditor,
whereby time
is given, to
the prejudice
of the surety,
discharges
him.*

But there is another ground, or other grounds, of equity set up in the bill against both Slater and Brown, which are proper for a surety to avail him-self of, and which could be of no avail to the prin-cipal. That is the following:

That Brown made a new agreement with the principal, without consent of the surety, whereby day was given to the principal, to the prejudice of the surety. It is likewise alleged, that Slater had made a like agreement with Robert A. Wright, the principal, to the prejudice of the surety.

That such agreements may operate in equity to discharge the surety, has been often held by this court, as well as other courts of equity. But it is essential to such a discharge, that the contract with the principal should be made clearly to appear, and that it was so prejudicial to the surety in its tendency, that the obligee ought to be compelled to rely upon it, and not to be allowed to resort again to the surety. But in this case, the agreements on the part of both Brown and Slater with the principal, Robert A. Wright, were conditional only, dependant on the compliance of Robert A. Wright, and had he complied, the said agreements would have operated to the benefit of the surety. He did not comply, and there is no proof conducing to show, that by said agreements any lapse of time took place prejudicial to the surety. Indeed the case on this ground of equity is very deficient in point of proof of the facts charged, so much so, that it cannot be perceived clearly what the agreements were, and how they operated to the prejudice of the surety.

The decree must be reversed with costs and the cause be remanded, with directions to dissolve the injunction, and dismiss the bill with costs and damages.

*Mayes and Crittenden* for plaintiffs; *Pope and Monroe* for defendants.

BROWN &c
vs.
WRIGHT

In such case, the new contract must be such, that the obligee ought to be compelled to rely on it, and not resort to the surety.